# EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
November 28, 2018 10:13

By: MICHAEL J. ELLIOTT 0070072

Confirmation Nbr. 1560487

| | |
|---|---|
| KERRY O'BRIEN, ESQ., PERSONAL REP EO ERIC RUSSELL | CV 18 907557 |
| vs. | |
| WASTE MANAGEMENT OF OHIO, INC., ET AL. | **Judge:** NANCY MARGARET RUSSO |

**Pages Filed:** 10

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| **KERRY O'BRIEN, ESQ.,** as personal representative of the Estate of Eric A. Russell, Deceased<br>159 South Main Street, Suite 423<br>Akron, Ohio 44308<br><br>       Plaintiff,<br><br>v.<br><br>**WASTE MANAGEMENT OF OHIO, INC.**<br>6705 Richmond Road<br>Glenwillow, Ohio 44139<br><br>and<br><br>**WASTE MANAGEMENT INC.**<br>1001 Fannin Street<br>Houston, Texas 77002<br><br>and<br><br>**GREENSTAR NORTH AMERICA HOLDINGS, INC.**<br>3411 Richmond Avenue<br>Suite 700<br>Houston, Texas 77046<br><br>and<br><br>**GREENSTAR MID-AMERICA, LLC**<br>3411 Richmond Avenue<br>Suite 700<br>Houston, Texas 77046<br><br>Serve also:<br><br>CT Corporation System, Statutory Agent<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT**<br><br>Type: Products Liability and Employer Intentional Tort<br><br><br>JURY DEMAND ENDORSED HEREON |

and

**MACHINEX INDUSTRIES, INC.**
2121, Olivier Street
Plessisville, Quebec, G6L 3G9, Canada

and

**MACHINEX TECHNOLOGIES, INC.**
716 Gallimore Dairy Road, Suite 103
High Point, North Carolina 27265

and

**JOHN AND/OR JANE DOE(S)**
Name(s) and address(es) unknown

and

**JOHN DOE CORPORATION(S)**
Name(s) and address(es) unknown

    Defendants.

  Plaintiff, Kerry O'Brien, Esq., as personal representative and administrator of the Estate of Eric A. Russell, deceased, states for his complaint as follows:

1. Plaintiff's appointment is evidenced by the Summit County Probate Court Letters of Authority, attached as Exhibit 1, and brings this action for personal injury to Eric A. Russell, deceased, ("Decedent") pursuant to Ohio Revised Code Section 2305.21 and for the benefit of the beneficiaries of the estate pursuant to RC Section 2125.02.

2. Defendant Waste Management of Ohio, Inc., ("Waste Management Ohio") is an Ohio corporation incorporated and headquartered in Cuyahoga County, Ohio.

3. Defendant Waste Management, Inc., is a corporation located in the State of Texas.

4. At all times pertinent, Waste Management Ohio and Waste Management owned, operated and maintained a recycling facility located at 1535 Exeter Avenue, in the City of Akron, County of Summit, and known or described as a material recovery facility ("MRF").

5. Defendant Greenstar North America Holdings, Inc. ("Greenstar NA") is a corporation located in the State of Texas.

6. Defendant Greenstar Mid-America, LLC, ("Greenstar MA") is a corporate entity located in the State of Texas.

7. At all times pertinent, Defendants Greenstar NA and Greenstar MA were owners and predecessors in interest of the MRF.

8. Defendant, Machinex Industries, Inc., ("Machinex Industries") is a Canadian corporation with its principal place of business located in the province of Quebec.

9. Defendant, Machinex Technologies, Inc., ("Machinex Technologies") is a subsidiary or branch of Machinex Industries incorporated in the State of Delaware with its principal place of business in North Carolina.

10. Defendants Machinex Industries and Machinex Technologies are engaged in the design, manufacture, sale of baler machines and/or the distribution of component parts, and the installation, repair, training, and maintenance of baler machines and replacement parts.

11. Defendant(s), John Doe Corporation(s), ("John Doe Corporations") are businesses working with Machinex Industries and Machinex Technologies by manufacturing, providing component parts used in the baler machines and installation, repair and maintenance of the baler machines and, therefore, are liable to the same extent as Machinex Industries and Machinex Technologies.

12. Defendant(s), John Doe(s), ("John Does") are individuals involved with the manufacture, installation, repair, maintenance of the baler machines and, therefore, are liable to the same extent as Machinex Industries and Machinex Technologies.

13. At all times relevant, Defendants Waste Management Ohio, Waste Management, Greenstar NA and/or Greenstar MA were owners, operators, inspectors, servicers, trainers, and maintainers of a baler machine manufactured by Machinex Industries and Machinex Technologies having Unit Description 2012 MACHINEX MLP 155TP, Serial No. PL010L and Equipment No. B69 (the "Baler").

14. Defendants Machinex Industries and Machinex Technologies installed, repaired, maintained, and sold replacement parts for the Baler and provided technical assistance, training and guidance to Waste Management Ohio, Waste Management, Greenstar NA, Greenstar MA and their employees.

15. Decedent as an employee of Waste Management Ohio, Waste Management, Greenstar NA, and/or Greenstar MA was assigned to work as an operator of the Baler.

16. Decedent was required to operate and use in an untrained manner, a dangerously defective and inherently unsafe Baler when on or about February 22, 2017, while working in the course, scope and in furtherance of his employment Decedent entered the interior of the Baler to maintain and repair the machine for the purpose and in the manner for which it was designed and intended to be used.

17. To gain access to the interior of the machine the Baler uses a trapped key system which utilizes three keys known as - A Key, B Key, and C Key – in order to perform service and repair of the Baler as noted in paragraph 16, above.

4

18. The subject trapped key system was maintained by the Defendants in an unsafe and dangerous manner including requiring Decedent to use a duplicate A Key to operate the machine to override part of the safety and guarding systems incorporated into the design of an otherwise defective Baler.

19. While inside the machine and while performing the above noted repairs the Baler activated causing the ram to cycle and crushing, disemboweling, and dismembering Decedent to his death.

20. Defendants owed Decedent, among other things, a duty to provide him with proper training and instruction on how to operate and use the Baler, how to properly power down and lock out and tag out the Baler, and to be provided a Baler in proper operational and working order equipped with proper and necessary guards which they did not do, but rather breached these duties owing to the Decedent.

21. The conduct of Defendant product manufacturers and suppliers set forth passim manifested a flagrant disregard of the rights and safety of persons and Decedent who may be harmed by the product in question.

**FIRST CLAIM FOR RELIEF**
(Employer Intentional Tort: Ohio Revised Code section 2745.01)

22. Plaintiff incorporates all prior paragraphs in the complaint as though fully rewritten.

23. Defendants Waste Management Ohio, Waste Management, Greenstar NA and/or Greenstar MA, in requiring Decedent to operate the Baler and its component parts and equipment as set forth above in a very dangerous and unsafe manner, Defendants committed a tortious act with intent to injure Decedent and did so with the belief that Decedent's injury and death was substantially certain to occur under Ohio Revised Code section 2745.01(A) and (B).

5

24. As a direct and proximate result of the intentional and reckless disregard conduct of Defendants the Decedent did suffer and incur severe physical and mental pain and suffering, and ultimately catastrophic, permanent and irreversible injuries resulting in his death and Plaintiff and the next-of-kin of Decedent were caused to incur severe mental anguish, loss of society, care, affection and services, incur funeral and burial expense along with all other damages afforded under Ohio Revised Code Section 2125.01 and 2125.02 et seq.

## SECOND CLAIM FOR RELIEF
(Product Liability: Manufacture Defect Pursuant to R.C. 2307.74)

25. Plaintiff incorporates all prior paragraphs in the complaint as though fully rewritten.

26. Defendants Machinex Industries and Machinex Technologies were engaged in the design, manufacture, sale, repairs, maintenance, training, and/or distribution of recycling machines and equipment, including the Baler at issue and any component parts.

27. The Baler manufactured by Machinex Industries and Machinex Technologies was defective in its manufacture such that the Baler deviated in a material way from the design specifications, plans, formula, or performance standards of the Defendants or other such baler machines of the same design specifications, plans, formula, or performance standards.

28. As a direct and proximate result of Machinex Industries and Machinex Technologies' manufacturing defect and deviation, Decedent suffered permanent and fatal injuries when the machine cycled while Decedent was inside the chamber.

29. As a direct and proximate result of Machinex Industries and Machinex Technologies' manufacturing defect and deviation, the beneficiaries of the Estate have lost the care, companionship, consortium, society, and services of the Decedent, and will continue to do so for the balance of their lives. The Estate has also incurred the reasonable funeral and burial expenses.

### THIRD CLAIM FOR RELIEF
(Product Liability: Design Defect Pursuant to R.C. 2307.75)

30. Plaintiff incorporates all prior paragraphs in the complaint as though fully rewritten.

31. Defendants Machinex Industries and Machinex Technologies were engaged in the design, manufacture, sale, repairs, maintenance, training, and/or distribution of recycling machines and equipment, including the Baler and any component parts.

32. When the Baler left Machinex Industries and Machinex Technologies' control and was placed into the stream of commerce, the Baler was defective in design or formulation as the foreseeable risks associated with its design or formulation as determined pursuant to division (B) of R.C. 2307.75 exceeded the benefits associated with that design or formulation as determined pursuant to division (C) of this same section.

33. Design defects of the baler included but were not limited to a lack of safety devices including safety mechanisms in the man doors along with a defectively designed computer programming and software system.

34. Defects in the design, manufacture, assembly, testing, inspection, service, marketing, distribution, and/or sale of the Baler caused permanent and fatal injuries to Decedent when the machine cycled while Decedent was inside the chambers.

35. As a direct and proximate result of Machinex Industries and Machinex Technologies' manufacturing defect and deviation, Decedent suffered permanent and fatal injuries.

36. As a direct and proximate result of Machinex Industries and Machinex Technologies' defective design, the beneficiaries of the Estate have lost the care, companionship, consortium, society, and serves of their son, and will continue to do so for the balance of their lives. The Estate has also incurred the reasonable funeral and burial expenses.

### FOURTH CLAIM FOR RELIEF

7

(Product Liability: Failure to Warn Pursuant to R.C. 2307.76)

37. Plaintiff incorporates all prior paragraphs in the complaint as though fully rewritten.

38. When the baler machine left the control of the Defendants Machinex Industries and Machinex Technologies and was placed into the stream of commerce, the Baler was marketed, sold, and distributed without adequate instructions and/or warnings regarding its defective characteristics.

39. Defendants continued to offer technical support via telephone and internet connection to service the machine and provide instructions to Waste Management Ohio, Waste Management, Greenstar NA, and/or Greenstar MA.

40. Defendants offered physical support with the installation of the machine and continued maintenance by sending their own employees to the Waste Management Ohio, Waste Management, Greenstar NA, and/or Greenstar MA MRF worksite.

41. Defendants offered training and additional services to Waste Management Ohio, Waste Management, Greenstar NA, and/or Greenstar MA.

42. Defendants knew or in the exercise of reasonable care should have known the risks associated with the machine that caused the harm to the Decedent and failed to provide necessary warning and instruction which a reasonable manufacturer would have provided with knowledge of such risks and seriousness of such harm.

43. Among other things, Defendants' machine failed to provide adequate audio or visual warning that multiple unauthorized trapped key system keys were in place.

44. Defendants' employees failed to warn Decedent or cause Decedent to be warned about misuse of the trapped key system.

8

45. The Defendants failed to provide the post-marketing warning or instruction that a manufacturer exercising reasonable care would have provided concerning the risk, in light of the likelihood the product would cause harm of the type for which the claimant seeks to recover compensatory damages and in light of the likely seriousness of the harm.

46. As a direct and proximate result of Machinex Industries and Machinex Technologies' failure to warn, Decedent suffered permanent and fatal injuries when the machine cycled while Decedent was still inside the chamber.

47. As a direct and proximate result of Machinex Industries and Machinex Technologies' failure to warn, the beneficiaries of the Estate have lost the care, companionship, consortium, society, and serves of their son, and will continue to do so for the balance of their lives. The Estate has also incurred the reasonable funeral and burial expenses.

WHEREFORE, Plaintiff, Kerry O'Brien, Esq., as Personal Representative and Administrator of the Estate of Eric A. Russell, deceased, demands compensatory and punitive damages joint and severally against Defendants Waste Management of Ohio, Inc., Waste Management, Inc., Greenstar North America Holdings, Inc., Greenstar Mid America, LLC, John Doe Corporations and John Does in an amount in excess of $25,000 (Twenty-Five Thousand Dollars), on each and every foregoing claim for relief together with the costs and interest of this action.

Respectfully submitted,

**SCANLON & ELLIOTT**

*/s/ Lawrence J. Scanlon*
LAWRENCE J. SCANLON (0016763)
57 S. Broadway St., Third Floor
Akron, Ohio 44308
Phone: (330) 376-1440
Facsimile: (330) 376-0257

       LJScanlon@scanlon.law

       and

       /s/ Michael J. Elliott_____
       MICHAEL J. ELLIOTT (0070072)
       57 S. Broadway St., Third Floor
       Akron, Ohio 44308
       Phone: (330) 376-1440
       Facsimile: (330) 376-0257
       MElliott@scanlon.law

       *Counsel for Plaintiff*

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues in this action.

       /s/ Michael J. Elliott_____
       MICHAEL J. ELLIOTT (0070072)

10

| SUMMONS IN A CIVIL ACTION | COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER CLEVELAND, OHIO 44113 |
|---|---|
| **CASE NO.** CV18907557    D2 CM    **SUMMONS NO.** 37131956 | Rule 4 (B) Ohio Rules of Civil Procedure |

KERRY O'BRIEN, ESQ., PERSONAL REP EO
        ERIC RUSSELL
             VS
WASTE MANAGEMENT OF OHIO, INC., ET AL.

**PLAINTIFF**

**DEFENDANT**

# SUMMONS

WASTE MANAGEMENT INC
1001 FANNIN ST
HOUSTON TX 77002

   You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

   You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Plantiff's Attorney

MICHAEL J ELLIOTT
57 S. BROADWAY ST 3RD FLOOR

AKRON, OH 44308-0000

   Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

   Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

   If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

By _____
           Deputy

**DATE SENT**
Nov 28, 2018

COMPLAINT FILED    11/28/2018



CMSN130

| CASE NO. | | SUMMONS NO. | |
|---|---|---|---|
| CV18907557 | D2 CM | 37131956 | |

Rule 4 (B) Ohio
Rules of Civil
Procedure

KERRY O'BRIEN, ESQ., PERSONAL REP EO  **PLAINTIFF**
ERIC RUSSELL
VS
WASTE MANAGEMENT OF OHIO, INC., ET AL. **DEFENDANT**

# SUMMONS

WASTE MANAGEMENT INC
1001 FANNIN ST
HOUSTON TX 77002

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on: 

Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

MICHAEL J ELLIOTT
57 S. BROADWAY ST 3RD FLOOR

AKRON, OH 44308-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | |
|---|---|
| Nov 28, 2018 | By _____ |
| | Deputy |

COMPLAINT FILED   11/28/2018



SUMMONS IN A CIVIL ACTION    COURT OF COMMON PLEAS, CUYAHOGA COUNTY JUSTICE CENTER
CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. | |
|---|---|---|---|
| CV18907557 | D4 CM | 37131959 | |

Rule 4 (B) Ohio
Rules of Civil
Procedure

KERRY O'BRIEN, ESQ., PERSONAL REP EO
ERIC RUSSELL
VS
WASTE MANAGEMENT OF OHIO, INC., ET AL.

**PLAINTIFF**

**DEFENDANT**

# SUMMONS

GREENSTAR MID-AMERICA, LLC
C/O CT CORPORATION SYSTEM, SA
4400 EASTON COMMONS WAY, STE 125
COLUMBUS OH 43219-0000

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

Said answer is required to be served on:



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Plantiff's Attorney

MICHAEL J ELLIOTT
57 S. BROADWAY ST 3RD FLOOR

AKRON, OH 44308-0000

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

Case has been assigned to Judge:

NANCY MARGARET RUSSO
Do not contact judge. Judge's name is given for attorney's reference only.

NAILAH K. BYRD
Clerk of the Court of Common Pleas

| DATE SENT | By _____ |
|---|---|
| Nov 28, 2018 | Deputy |

COMPLAINT FILED    11/28/2018



CMSN130