UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

KERRY O'BRIEN, *as personal representative of the estate of* ERIC A. RUSSELL,

    Plaintiff,

vs.

WASTE MANAGEMENT OF OHIO, INC., *et al.*,

    Defendants.

------------------------------------------------------

CASE NO. 1:18-CV-2982

OPINION & ORDER
[Resolving Doc. 8]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Kerry O'Brien brings this action on behalf of Eric Russel. Eric Russel died in an Akron recycling facility accident.

Plaintiff originally brought the action in the Cuyahoga County Court of Common Pleas. Defendants removed it to this Court.[1] Plaintiff now moves to remand and for an award of attorney's fees and costs.[2]

For the following reasons, the Court **GRANTS** Plaintiff's motion to remand and **DENIES** Plaintiff's motion for attorney's fees.

I. Background

Eric Russell worked at an Akron, Ohio, recycling center. Sometime on the evening of February 22, 2017, he entered a cardboard baling machine to repair it. The baler started while he was inside, crushing Russell to death.

---

[1] *See* Doc. 1.
[2] Doc. 8. Defendants Waste Management, Inc., Waste Management Ohio, Inc., and Greenstar Mid-America LLC oppose. Doc. 18.

Case No. 1:18-cv-2982
Gwin, J.

In November 2018, Plaintiff O'Brien, Russell's estate representative, brought this suit in state court. He makes Ohio-law claims for employer intentional tort,[3] negligence,[4] and products liability.

Plaintiff alleges that Defendants Waste Management Ohio, Inc. ("Waste Management Ohio"), Waste Management, Inc., and Greenstar Mid-America LLC intentionally, recklessly, or negligently required Russell to use the baler in a dangerous manner.[5]

## II. Discussion

Under 28 U.S.C. § 1441(b)(2), a defendant may remove a case based on diversity only if none of the "parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." The parties agree that Defendant Waste Management Ohio is a citizen of Ohio.

Defendants argue that they properly removed the case because Plaintiff fraudulently joined Waste Management Ohio to defeat diversity jurisdiction. Joinder is fraudulent where a plaintiff lacks a "colorable basis" for recovery under state law against the joined defendant.[6] Defendant bears the burden of demonstrating fraudulent joinder.[7] The Court resolves all factual disputes in favor of the non-removing party, and "[a]ll doubts as to the propriety of removal are resolved in favor of remand."[8]

---

[3] O.R.C. § 2745.01.
[4] Plaintiff added this count in his first amended complaint. *See* Doc. 12.
[5] Doc. 12 at 6-7.
[6] *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012) (quoting *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).
[7] *Id.*
[8] *Coyne*, 183 F.3d at 493.

Case No. 1:18-cv-2982
Gwin, J.

Defendants say that Plaintiff lacks a colorable basis to recover against Waste Management Ohio because the company did not employ Eric Russell and it had no role operating the facility where he was killed.[9] Defendants contend that Waste Management subsidiary Greenstar Mid-America, LLC ("Greenstar") employed Russell and ran the facility.[10] Waste Management Ohio's only role at the facility, they say, was to deliver materials.[11] Defendants argue Waste Management Ohio's lack of involvement with the facility is fatal to Plaintiff's claims.

Plaintiff offers several pieces of evidence purporting to link Waste Management Ohio to the facility. First, Plaintiff includes emails between Scott Combis, a safety manager at "WM Recycling (Central Group)" and David Hass, Midwest group recycling maintenance director for "Waste Management Recycling."[12] These emails discuss the proper safety procedures for the baler that caused Russel's death.

Defendants argue that these emails do not directly implicate Waste Management Ohio. However, they do support Plaintiff because they show that multiple Waste Management entities aside from Greenstar were involved in developing safety procedures for the Akron facility baler. They also cast doubt on Defendants' contention that Greenstar alone handled facility operations.

Second, Plaintiff submits the Akron police report of the death, listing "Waste Management" as Russel's employer[13] The report also has pictures of facility signs reading

---

[9] Doc. 18-2 at 2.
[10] *Id.*
[11] *Id.*
[12] *Doc.* 8-1.
[13] Doc. 8-2 at 10.

-3-

Case No. 1:18-cv-2982
Gwin, J.

"Waste Management Offices and Employee Entrance."[14] Defendants argue these prove nothing, because the Waste Management name and logo are used by subsidiaries such as Greenstar.[15] Defendants essentially dispute that one should infer Waste Management Ohio's facility involvement from these Waste Management references. However, the Court must resolve all factual disputes in the Plaintiff's favor.

Finally, Plaintiff offers a June 26, 2018 news article saying that "Waste Management of Ohio . . . runs Akron's Greenstar Recycling Center."[16] Defendant denies this and argues that the article is hearsay.[17]

The parties have not cited any case law discussing whether the Court may consider inadmissible hearsay evidence when ruling on a motion to remand. Other district courts have come to differing conclusions.[18] The closest analogue to the current situation is a motion to dismiss for lack of personal jurisdiction under Federal Rule 12(b)(2). When ruling on a 12(b)(2) motion, courts also considers affidavits bearing on jurisdictional facts. In that context, the Sixth Circuit held that it is improper to consider hearsay.[19] Thus, the Court will not consider the hearsay news article.

---

[14] *Id.* at 11.
[15] Doc. 18 at 5 n.2.
[16] Doc. 10-5 at 2.
[17] *See Gailor v. Armstrong*, 187 F. Supp. 2d 729, 734 (W.D. Ky. 2001) (holding that newspaper articles were inadmissible hearsay and declining to consider them on a summary judgment motion).
[18] *Compare McClendon v. Challenge Fin. Inv'rs Corp.*, No. 1:08CV1189, 2009 WL 589245, at *4 (N.D. Ohio Mar. 9, 2009) (holding that hearsay declaration was properly considered on motion to remand because it fell within the Federal Rule of Evidence 803(6) hearsay exemption) *with Spottswood v. Stewart Title Guar. Co.*, No. CIVA 10-0109-WS-B, 2010 WL 1539993, at *4 n.11 (S.D. Ala. Apr. 16, 2010) (rejecting argument that "strict compliance with all prerequisites of admissibility is necessary before an exhibit may be considered on a motion to remand").
[19] *See Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014).

Case No. 1:18-cv-2982
Gwin, J.

In sum, the Court must resolve all factual disputes in favor of the party opposing removal. Because Plaintiff's evidence raises a colorable possibility of recovery against Waste Management Ohio, the Court grants Plaintiff's motion to remand.

Plaintiff also moves for attorney's fees and costs. An award of fees under 18 U.S.C. § 1447(c) is proper where "the removing party lacked an objectively reasonable basis for seeking removal."[20] Here, Defendant presented affidavits suggesting that Waste Management Ohio did not employ Russell nor oversee the Akron facility. The Court cannot say that Defendants lacked any objective basis for seeking removal. Thus, the Court denies Plaintiff's attorney's fee motion.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand the case to state court. The Court **DENIES** Plaintiff's motion for attorney's fees.

IT IS SO ORDERED.

Dated: February 21, 2019         *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[20] *Conver Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).